UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.  CR-12-0025-JLQ |
| Plaintiff, ) | |
| ) | **ORDER REJECTING PLEA AGREEMENT; PERMITTING WITHDRAWAL OF PLEA** |
| vs. ) | |
| ANTHONY SCOTT TOLAN, ) | |
| Defendant. ) | |

A hearing on the Rule 11(c)(1)(C) plea agreement was held on September 14, 2012.  The Defendant was present with his assigned counsel, Jaime Hawk.  Assistant United States Attorney Matthew Duggan appeared on behalf of the United States.  The following is intended to memorialize and supplement the oral rulings of the court.

The hearing on September 14 was a continuation of the hearing held one week earlier on September 7, 2012.  On September 7, the court advised the parties that it was not inclined to accept the Rule 11(c)(1)(C) plea agreement and invited counsel to file supplemental briefs regarding the applicability of the crime of violence enhancement based upon the Defendant's Washington state conviction for Second Degree Burglary. Defendant did not file any supplemental briefing to that contained in Defendant's Objections to the Presentence Investigation Report (ECF No. 30). The Government filed its supplemental brief on September 14, 2012.

Fed.R.Crim.P. allows the Defendant to plead guilty to a charged offense pursuant to a plea agreement wherein the parties agree that "a specific sentence or sentencing range is the appropriate disposition of the case."  When the parties reach this type of agreement, a court may  "accept the agreement, reject it, or defer a decision until the court has reviewed the Presentence Report. Fed. R.Crim. P. 11(c)(3)(A). The commentary to USSG § 6B1.2 states that a court can only accept a Rule 11(c)(1)(C) plea agreement "if the court is satisfied either that such sentence is an appropriate sentence within the

ORDER - 1

applicable guideline range or, if not, that the sentence departs from the applicable guideline range for justifiable reasons." Rule 11(c)(1)(C) makes the parties' recommended sentence binding on the court if the court accepts the agreement. The court has broad discretion when choosing to accept or reject plea agreements. broad discretion that district courts enjoy when choosing to accept or reject plea agreements. *See Vasquez-Ramirez v. United States Dist. Court*, 443 F.3d 692, 699 (9th Cir.2006).

In this case, the Rule 11(c)(1)(C) Plea Agreement stipulates to a term of 24 months imprisonment followed by a three year term of supervised release, a sentence which is outside the applicable guideline range even without the crime of violence enhancement, which this court determined would not apply. The court rejects the plea agreement because the stipulated sentence is not reasonable, considering all the circumstances of the case, including the Defendant's extensive criminal history. The court orally informed the parties of this rejection during the hearing. The court then informed the Defendant of his opportunity to withdraw his plea, as the court would otherwise dispose of the case less favorably toward the Defendant than the plea agreement contemplated. Fed.R.Crim.P. 11(c)(5). Counsel then orally advised the court the Defendant wished to withdraw his plea, although no formal pleading has been filed.

Pursuant to 18 U.S.C. § 3161(i), the Speedy Trial Act time calculations re-start after a plea is withdrawn on the day the order permitting withdrawal of the plea becomes final. A separate order setting this matter for trial will follow.

IT IS SO ORDERED. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 18th day of September, 2012.

s/ Justin L. Quackenbush<br>JUSTIN L. QUACKENBUSH<br>SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2